STEPHEN A. SCOTT (SBN 67467)
sscott@hayesscott.com
M. COLLEEN RYAN (SBN 258359)
cryan@hayesscott.com
HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
203 Redwood Shores Parkway, Suite 480
Redwood City, CA 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendants
NCB Management Services, Inc.,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZALICKA COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>NCB MANAGEMENT SERVICES INC.,<br><br>Defendants. | Case No. C 10-00172-ADR-SI<br><br>**DEFENDANT NCB MANAGEMENT SERVICES INC.'s ANSWER TO THE COMPLAINT** |

Defendant NCB MANAGEMENT SERVICES INC. hereby answers the Complaint as follows:

**INTRODUCTION**

1. Answering the allegations of paragraph 1, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

2. Answering the allegations of paragraph 2, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

**JURISDICTION**

3. Answering the allegations of paragraph 3, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on

information and belief.

4. Answering the allegations of paragraph 4, this answering defendant admits that it conducts business in the state of California. As to the remaining allegations of paragraph 4, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

5. Answering the allegations of paragraph 5, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

6. Answering the allegations of paragraph 6, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

**PARTIES**

7. Answering the allegations of paragraph 7, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

8. Answering the allegations of paragraph 8, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

9. Answering the allegations in Paragraph 9, whether defendant is a "debt collector" as defined under 15 U.S.C. 1692a(6) and California Civil Code section 1788.2(c) is a legal conclusion and need not be admitted nor denied. To the extent a response is required, defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

10. Answering the allegations of paragraph 10, this answering defendant admits the allegations therein.

11. Answering the allegations of paragraph 11, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

**FACTUAL ALLEGATIONS**

12. Answering the allegations of paragraph 12, this answering defendant denies the allegations therein.

13. Answering the allegations of paragraph 13, this answering defendant admits the allegations therein.

14. Answering the allegations of paragraph 14, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

15. Answering the allegations of paragraph 15, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

16. Answering the allegations of paragraph 16, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

**COUNT 1**

17. (a) Answering the allegations of paragraph 17(a), whether defendant's conduct violated section 1692d of the Fair Debt Collection Practices Act is a legal conclusion and need not be admitted nor denied. To the extent a response is required, defendant denies said allegations.

(b) Answering the allegations of paragraph 17(b), whether defendant's conduct violated section 1692d(5) of the Fair Debt Collection Practices Act is a legal conclusion and need not be admitted nor denied. To the extent a response is required, defendant denies said allegations.

(c) Answering the allegations of paragraph 17(c), whether defendant's conduct violated section 1692d(6) of the Fair Debt Collection Practices Act is a legal conclusion and need not be admitted nor denied. To the extent a response is required, defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

(d) Answering the allegations of paragraph 17(d), whether defendant's conduct violated section 1692e of the Fair Debt Collection Practices Act is a legal conclusion and need not be

admitted nor denied. To the extent a response is required, defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

(e) Answering the allegations of paragraph 17(e), whether defendant's conduct violated section 1692e of the Fair Debt Collection Practices Act is a legal conclusion and need not be admitted nor denied. To the extent a response is required, defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

(f) Answering the allegations of paragraph 17(f), whether defendant's conduct violated section 1692e(11) of the Fair Debt Collection Practices Act is a legal conclusion and need not be admitted nor denied. To the extent a response is required, defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

18. Answering the allegations of paragraph 18, this answering defendant incorporates by reference its responses to the allegations of Paragraphs 1-17 of the Complaint as though fully set forth herein.

19. Answering the allegations of paragraph 19, this answering defendant incorporates by reference its responses to the allegations of Paragraphs 1-18 of the Complaint as though fully set forth herein.

20. Answering the allegations of paragraph 20, this answering defendant incorporates by reference its responses to the allegations of Paragraphs 1-19 of the Complaint as though fully set forth herein.

21. Answering the allegations of paragraph 21, this answering defendant incorporates by reference its responses to the allegations of Paragraphs 1-20 of the Complaint as though fully set forth herein.

22. Answering the allegations of paragraph 22, this answering defendant incorporates by reference its responses to the allegations of Paragraphs 1-21 of the Complaint as though fully set forth herein.

///

///

**COUNT 2**

23. Answering the allegations of paragraph 23, this answering defendant incorporates by reference its responses to the allegations of Paragraphs 1-22 of the Complaint as though fully set forth herein.

24. (a) Answering the allegations of paragraph 24(a), whether defendant's conduct violated section 1788.11(b) of the Rosenthal Fair Debt Collection Practices Act is a legal conclusion and need not be admitted nor denied. To the extent a response is required, defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

(b) Answering the allegations of paragraph 24(b), whether defendant's conduct violated section 1788.11(d) of the Rosenthal Fair Debt Collection Practices Act is a legal conclusion and need not be admitted nor denied. To the extent a response is required, defendant denies said allegations.

(c) Answering the allegations of paragraph 24(c), whether defendant's conduct violated section 1788.11(e) of the Rosenthal Fair Debt Collection Practices Act is a legal conclusion and need not be admitted nor denied. To the extent a response is required, defendant denies said allegations.

(d) Answering the allegations of paragraph 24(d), whether defendant's conduct violated section 1788.17 of the Rosenthal Fair Debt Collection Practices Act is a legal conclusion and need not be admitted nor denied. To the extent a response is required, defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

25. Answering the allegations of paragraph 25, this answering defendant incorporates by reference its responses to the allegations of Paragraphs 1-24 of the Complaint as though fully set forth herein.

26. Answering the allegations of paragraph 26, this answering defendant incorporates by reference its responses to the allegations of Paragraphs 1-25 of the Complaint as though fully set forth herein.

27. Answering the allegations of paragraph 27, this answering defendant incorporates by reference its responses to the allegations of Paragraphs 1-26 of the Complaint as though fully set forth herein.

28. Answering the allegations of paragraph 28, this answering defendant incorporates by reference its responses to the allegations of Paragraphs 1-27 of the Complaint as though fully set forth herein.

29. Answering the allegations of paragraph 29, this answering defendant incorporates by reference its responses to the allegations of Paragraphs 1-28 of the Complaint as though fully set forth herein.

## AFFIRMATIVE DEFENSES

This answering defendant, in answer to the complaint of plaintiff herein, herewith denies each and every, all and singular, the allegation of the Complaint, and in this connection defendant denies that plaintiff has been injured or damaged in any sum or as the result of any act or omission of this answering defendant.

### FIRST SEPARATE AND ADDITIONAL DEFENSE
### (Failure to State a Claim)

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that said Complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

### SECOND SEPARATE AND ADDITIONAL DEFENSE
### (Failure to Mitigate)

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the Complaint herein, plaintiff failed to mitigate the amount of his damages. The damages claimed by plaintiff could have been mitigated by due diligence on his part or by one acting under similar circumstances.

///

///

**THIRD SEPARATE AND ADDITIONAL DEFENSE**
**(Waiver)**

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**
**(Estoppel)**

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff's claims are barred in whole or in part by the principles of estoppel and laches.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**
**(Apportionment)**

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff may not recover as to defendant because any damages allegedly suffered by plaintiff was proximately caused and contributed by persons other than defendant. The liability of all parties, named or unnamed, should be apportioned according to their relative degrees of fault, and CBE's liability should be reduced accordingly.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**
**(Acts or Omissions of Others)**

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the injuries allegedly sustained by plaintiff were either wholly or in part caused by the acts or omissions of persons and entities other than this answering defendant.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**
**(Causation)**

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff is not entitled to any recovery from defendant

because no act or omission of defendant was the cause in fact or the proximate cause of any of the losses or damages alleged by plaintiff.

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**
**(Lack of Standing)**

AS A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff lacks standing to raise the claims alleged in the Complaint against this answering defendant.

**NINTH SEPARATE AND ADDITIONAL DEFENSE**
**(Unclean Hands)**

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff is barred by virtue of his conduct in causing the damages alleged in the Complaint under the Doctrine of Unclean Hands, as well as by the principle of *In Pari Delicto*.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**
**(Assumption of the Risk)**

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff acted with full knowledge of all the facts and circumstances surrounding his injury and assumed the risk of the matters causing injury, and that said matters of which plaintiff assumed the risk proximately contributed to and proximately caused his injury, if any.

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**
**(No Damages)**

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff has sustained no legally cognizable damage by virtue of the allegations in the Complaint.

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**
**(Unreasonable Conduct)**

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the Complaint and the claims asserted therein are barred, in whole or in part, because plaintiff's conduct, or conduct imputed to plaintiff, was unreasonable.

**THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE**
**(Statute of Limitations)**

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the alleged causes of action set forth in the Complaint are, and each of them is, barred by the statute of limitations set forth in the applicable provisions of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. and the California Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq.

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**
**(Bona Fide Error)**

AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE**
**(Additional Defenses)**

AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant expressly reserves the right to amend or supplement its Answer, defenses, and all other pleadings, as permitted by law; and further reserves the right to assert any and all additional defenses under any applicable law, in the event that discovery indicates such defenses

would be appropriate, and to assert any cross-claims, counterclaims and/or third-party claims.

**PRAYER FOR RELIEF**

WHEREFORE, these answering defendants pray as follows:

1. That plaintiff take nothing by her Complaint;
2. For costs of suit incurred herein;
3. For such other and further relief as the Court deems proper.

Dated: February___, 2010

HAYES SCOTT BONINO
ELLINGSON & McLAY, LLP

By /S/ STEPHEN A. SCOTT
Stephen A. Scott
M. Colleen Ryan
Attorneys for Defendant
NCB MANAGEMENT SERVICES INC.